UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLENE DOTO, | CIVIL ACTION NO.: |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| MASSACHUSETTS BAY COMMUTER RAIL COMPANY, LLC. a/k/a MBCR, | |
| and | |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY a/k/a MBTA, | |
| and | |
| KEOLIS COMMUTER SERVICE, LLC a/k/a KCS, | |
| Defendants. | |

## COMPLAINT

Plaintiff Charlene Doto, by her undersigned counsel, for her Complaint against defendants Massachusetts Bay Commuter Rail Company, LLC, Massachusetts Bay Transportation Authority and Keolis Commuter Service, LLC, avers the following:

### THE PARTIES

1. Plaintiff Charlene Doto is an adult individual residing at 9 Fieldstone Drive, Londonderry, NH 03053.

2. Defendant Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a Limited Liability Company duly

organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3. Defendant Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4. Defendant Keolis Commuter Service, LLC ("KCS") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 101 Federal Street, Suite 1900, Boston, MA 02110.

## NATURE OF THE ACTIONS, JURISDICTION AND VENUE

5. Ms. Doto's causes of action against MBCR, MBTA and KCS arise under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149, and amendments thereto, codified at 45 U.S.C. Section 51 et seq., and commonly known as the Federal Employers' Liability Act (the "FELA").

6. This Court has federal question jurisdiction over Ms. Doto's FELA action pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over Ms. Doto's FELA action pursuant to 45 U.S.C. Section 56, which vests the State and Federal Courts with concurrent jurisdiction over FELA claims.

7. This Court has personal jurisdiction over MBCR, MBTA and KCS, which carry on a continuous and systematic part of their general business within Massachusetts.

8. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(1) and (c). MBCR, MBTA and KCS are subject to personal jurisdiction here and so reside in the District of Massachusetts.

## COUNT I
## CHARLENE DOTO V. KEOLIS
## FEDERAL EMPLOYERS' LIABILITY ACT

9. Ms. Doto hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 8, hereinabove.

10. Defendant KCS was, at the time of the accident and injuries herein alleged, and is now, doing business within the jurisdiction of this Court as an interstate common carrier of passengers for hire by rail into and from Massachusetts.

11. At the time of the accident and injuries herein alleged, Ms. Doto was employed by defendant KCS as an engineer and was working in furtherance of interstate commerce and transportation by railroad.

12. At all times hereto, KCS owed a duty to its employees, including Ms. Doto, to act as a reasonable employer to provide Ms. Doto with a safe place to work.

13. At all times material hereto, defendant Keolis operated locomotives, railcars and/or trains owned and /or maintained by defendant MBTA.

14. On or about July 29, 2016, while performing her duties as an engineer out of defendant's Boston Engine Terminal in Boston, Massachusetts, Ms. Doto walked through a locomotive into the vestibule, and she slipped on the wet floor, injuring her left ankle.

15. As a result of the accident, Ms. Doto suffered a displaced left ankle fracture necessitating open reduction internal fixation surgery on the left ankle, and physical therapy.

16. Ms. Doto's accident and injuries were caused by KCS' negligent violation of the Federal Employers' Liability Act in that KCS, through its agents, servants and employees:

(a) Failed to use ordinary care to furnish Ms. Doto with a reasonably safe place to work and to perform the duties of her employment;

(b) Failed to use safeguards in and around the work area causing a dangerous and/or hazardous condition;

(c) Failed to use available anti-slip surfaces;

(d) Failed to inspect the work areas to discover unsafe conditions;

(e) Failed to properly maintain such areas that Ms. Doto was required to work during the scope and course of her employment to ensure that same were reasonably safe and in good condition;

(f) Failed to implement and enforce proper procedures and protocols concerning the maintenance of the work area;

(g) Failed to warn Ms. Doto of the slippery conditions;

(h) Failed to provide proper supervision of the subject work area and/or employees working in and around the area; and

(i) Failed inspect, supervise and oversee Ms. Doto's job task to discover dangers in the equipment and unsafe work methods.

17. Immediately following the accident, Ms. Doto was taken to the Emergency Room at Massachusetts General Hospital, with pain in her left ankle. X-rays revealed a displaced lateral left malleolar fracture at the level of the syndesmosis with widening of the medoal joint space. She was placed in a walking boot, given Motrin, and instructed to follow-up with an orthopedist.

18. Ms. Doto followed up with Dr. John Esposito at Orthopedic Trauma on August 4, 2016 with swelling and ecchymosis of the left ankle. An x-ray was taken which revealed a significant displaced left ankle fracture. At that visit, Ms. Doto was scheduled for surgery and was placed in an aircast boot.

19. Ms. Doto underwent open reduction internal fixation on the left ankle, performed by Dr. Marilyn Heng on August 9, 2016.

20. Ms. Doto returned to Dr. Esposito on August 25, 2016. The doctor instructed Mr. Doto to continue with exercises and weightbearing in the aircast boot.

21. At the September 22, 2016 visit, Dr. Esposito referred Ms. Doto to physical therapy for range of motion, strengthening, proprioception and gait training.

22. Ms. Doto underwent 24 sessions of physical therapy at Sports Physical Therapy from September 30, 2016 to January 26, 2017.

23. On November 17, 2016, Dr. Esposito discharged Ms. Doto to return to work in a month, without restrictions, but to continue with physical therapy.

24. All of the above-described injuries and treatment were caused and necessitated by KCS' negligence as averred above.

25. As a further result of defendant KCS' negligence as averred above, Ms. Doto has in the past and will incur in the future substantial medical expenses.

26. As a further result of defendant KCS' negligence as averred above Ms. Doto has endured and will continue to endure serious physical and emotional pain, stress, suffering, immobility and inconvenience.

27. As a further result of KCS' negligence as averred above, Ms. Doto was unable to work from the date of the injury through December 20, 2016, causing her to suffer lost wages and benefits.

**WHEREFORE**, Plaintiff Charlene Doto demands judgment in her favor and against Defendant, Keolis Commuter Service, LLC in an amount in excess of $75,000.00 together with costs, interest and any further relief deemed appropriate by the Court and jury.

### COUNT II
### CHARLENE DOTO V. MBCR
### (In Negligence)

28. Ms. Doto hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 27, hereinabove.

29. At all times material hereto, defendant MBCR provided public transportation through its commuter rail lines.

30. Ms. Doto's accident, injuries and damages were caused by MBCR's negligence in the following respects:

(a) Failed to use ordinary care to furnish Ms. Doto with a reasonably safe place to work and to perform the duties of her employment;

(b) Failed to use safeguards in and around the work area causing a dangerous and/or hazardous condition;

(c) Failed to use available anti-slip surfaces;

(d) Failed to inspect the work areas to discover unsafe conditions;

(e) Failed to properly maintain such areas that Ms. Doto was required to work during the scope and course of her employment to ensure that same were reasonably safe and in good condition;

(f) Failed to implement and enforce proper procedures and protocols concerning the maintenance of the work area;

(g) Failed to warn Ms. Doto of the slippery conditions;

(h) Failed to provide proper supervision of the subject work area and/or employees working in and around the area; and

(i) Failed inspect, supervise and oversee Ms. Doto's job task to discover dangers in the equipment and unsafe work methods.

**WHEREFORE**, Plaintiff Charlene Doto demands judgment in her favor and against Defendant, Massachusetts Bay Commuter Rail Company, LLC in an amount in excess of $75,000.00 together with costs, interest and any further relief deemed appropriate by the Court and jury.

## COUNT III
## CHARLENE DOTO V. MBTA
### (In Negligence)

31. Ms. Doto hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 30, hereinabove.

32. At all times hereto defendant MBTA provided public transportation through its commuter rail lines to defendant KCS.

33. Ms. Doto's accident, injuries and damages were caused by MBTA's negligence in the following respects:

  (a) Failed to use ordinary care to furnish Ms. Doto with a reasonably safe place to work and to perform the duties of her employment;

  (b) Failed to use safeguards in and around the work area causing a dangerous and/or hazardous condition;

  (c) Failed to use available anti-slip surfaces;

  (d) Failed to inspect the work areas to discover unsafe conditions;

  (e) Failed to properly maintain such areas that Ms. Doto was required to work during the scope and course of her employment to ensure that same were reasonably safe and in good condition;

  (f) Failed to implement and enforce proper procedures and protocols concerning the maintenance of the work area;

  (g) Failed to warn Ms. Doto of the slippery conditions;

  (h) Failed to provide proper supervision of the subject work area and/or employees working in and around the area; and

  (i) Failed inspect, supervise and oversee Ms. Doto's job task to discover dangers in the equipment and unsafe work methods.

**WHEREFORE**, Plaintiff Charlene Doto demands judgment in her favor and against Defendant, Massachusetts Bay Transportation Authority in an amount in excess of $75,000.00 together with costs, interest and any further relief deemed appropriate by the Court and jury.

**A jury trial is demanded.**

BY: _____
William L. Myers, Jr., Esquire
BBO No. 666006
Myers Lafferty Law Offices, P.C.
Suite 810
1515 Market Street
Philadelphia, PA 19102
(215) 988-1229

One Boston Place, 26th Floor
Boston, MA 02108
(888) 290-6888
bill@mflaw.com

(Attorneys for Plaintiff Charlene Doto)